SAMUEL BRAEN'S SONS, *ETC.*, PLAINTIFF-APPELLANT, v. DOMINICK FONDO, *ET AL.*, DEFENDANTS-RESPOND-ENTS.

Superior Court of New Jersey
Appellate Division

Argued September 17, 1958—Decided October 9, 1958.

190

Before Judges CONFORD, FREUND and HANEMAN.

*Mr. Aaron W. Nussman* argued the cause for plaintiff-appellant (*Messrs. Back, Nussman and Rose,* attorneys).

*Mr. Louis Auerbacher, Jr.,* argued the cause for defendants-respondents.

The opinion of the court was delivered by

CONFORD, J. A. D.   This action was instituted June 1, 1955 to recover upon a statutory bond (*N. J. S.* 2*A*:44–143 *et seq.*) given July 23, 1954, covering performance by a contractor on a contract for certain municipal improvements in the Borough of Fair Lawn.  The contractor was Magnifico Construction Company, which, after commencing performance of the work, defaulted and was adjudicated bankrupt March 15, 1955.  Plaintiff and its assignors were suppliers of labor and materials to the contractor in connection with the project.  It was stipulated at the trial that there was a balance of $1,521.97 owing to the plaintiff on the job.

Paragraph 7 of the complaint states that the action "is instituted within one year from the date of acceptance." The defendant Standard Accident Insurance Company (Standard) filed its answer June 22, 1955 denying liability in general terms and not setting up the defense of prema-

turity of the action. It is undisputed that the Borough of Fair Lawn did not accept the improvement until July 10, 1956. On October 4, 1956 the case was pretried, and the pretrial order expressly states as a defense that the action was prematurely instituted in that it was filed prior to acceptance of the work, contrary to the statute governing bonds on public contracts. Moreover, included in the specification of issues in the order is the question: "14. Has the action against Standard Accident Insurance Co. been prematurely brought?"

After the submission of proofs at the trial the court granted a motion by Standard to dismiss the action as against it on the ground of prematurity of the action under the statute, *N. J. S.* 2A:44–145, which provides as to actions on surety bonds given on public contracts:

"No action shall be brought against any of the sureties on the bond required by this article until the expiration of 80 days after the acceptance of the building, work or improvement by the duly authorized board or officer."

Under *N. J. S.* 2A:44–146 an action on such a bond may be brought by any of the persons for whose benefit it is required to be filed within one year from the date of acceptance of the work. The bond is required primarily for the benefit of the public agency or body for which the work is being done and secondarily for the benefit of materialmen and subcontractors and others whose labor or materials go into the performance of the contract. *N. J. S.* 2A:44–143; *Williamsport Planing Mill Co. v. Board of Education of City of Paterson*, 130 *N. J. L.* 321, 322 (*Sup. Ct.* 1943); *Franklin Lumber Co. v. Globe Indemnity Co.*, 102 *N. J. L.* 9, 12 (*Sup. Ct.* 1925); affirmed 102 *N. J. L.* 715 (*E. & A.* 1926). It is therefore clear that although plaintiff was in the class of parties entitled to sue upon the bond it was bound by the statutory stipulation forbidding institution of an action on the bond until 80 days after acceptance of the work by the borough. *Williamsport Planing Mill Co. v. Maryland Casualty Co.*, 129 *N. J. L.* 333 (*Sup. Ct.* 1943).

■ Although plaintiff concededly was in contravention of the statutory stipulation in filing its action well prior to the acceptance of the work, it contends its action was nevertheless "timely" since, at the time of the pretrial conference on October 4, 1956, and when the motion for dismissal was made, on December 12, 1957, more than 80 days had elapsed from the date of the borough's acceptance of the work. In other words, so goes the argument, the defect of prematurity existing when the action was first instituted was cured by the occurrence of acceptance and the passage of 80 days thereafter *pendente lite*. But a proper appreciation of the public policy underlying the statutory proscription brings in its train a rejection of the position thus urged.

The purpose of the statutory prohibition of institution of any action on the bond by materialmen and suppliers of labor until after acceptance of the project is to protect the security of the public body in the bond from depletion or impairment by prior actions against the surety "before it is known whether the contractor has faithfully performed his contract with the public board or body," and, if not, what loss has consequently been sustained by the public body. *Franklin Lumber Co. v. Globe Indemnity Co., supra* (102 *N. J. L.,* at *page* 12) ; *Graybar Electric Co. v. Manufacturers Cas. Co.,* 37 *N. J. Super.* 284, 289 (*Law Div.* 1955), affirmed (other grounds) 21 *N. J.* 517 (1956). It is thus seen that the statutory policy involved is offended by the *fact* that the action has been prematurely *instituted* and that the policy is necessarily weakened if it is to be held that the illegality of a premature action becomes spent once there is acceptance of the work and a lapse of 80 days thereafter in advance of trial. Moreover, the fact, stressed by plaintiff, that these circumstances antedated the raising of the defense of prematurity by the defendant bonding company in the action is immaterial, not only for the reason just stated, but for the additional reason that the statutory policy is not legislated for the benefit of the surety on the bond but for the protection of the public body. This also serves to answer the contention that Standard was in no way prejudiced by

the prematurity of the action. The fact that in the particular case before us the public body may suffer no injury by allowing the action to go forward against the surety is of no consequence. The statute must be interpreted and enforced in the light of its policy and of the effect of the construction contended for upon the general effectuation and vindication of that policy.

Plaintiff next argues that the defense of prematurity should have been asserted by affirmative defense in the answer or by motion addressed to the complaint; that defendant having failed to do so until the trial plaintiff was deprived of an opportunity to take a voluntary dismissal and reinstitute its action at a proper time. The speciousness of this contention lies in its overlooking the fact that the pretrial order unequivocally raised the defense of prematurity and that this was at a time when the plaintiff could indeed have discontinued the action and filed a new one free of the vice of prematurity and well within the one-year period of limitations fixed by the statute. While the defendant should, as a matter of orderly pleading, have amended its answer to include the defense of prematurity as incorporated in the pretrial order, *Schlossberg v. Jersey City Sewerage Authority*, 15 *N. J.* 360, 370 (1954) (assuming, but not deciding that the affirmative defense was required to be pleaded in the answer notwithstanding the above mentioned recital in paragraph 7 of the complaint), nevertheless the pretrial order controlled the subsequent conduct of the litigation. *R. R.* 4:29-1. By its contents plaintiff was fully apprised of the defect in its action well in time to take a saving course if it chose to do so.

Finally, it is urged on plaintiff's behalf that the trial court erred in denying plaintiff's motion at the trial to amend the pretrial order so as to include as an issue plaintiff's contention that the defendant was estopped from setting up the defense of statutory prematurity.

The case was tried December 11 and 12, 1957. As already noted, the pretrial order setting up the defense of statutory prematurity was entered October 4, 1956. At no time in

the interim did plaintiff endeavor to establish an issue of estoppel or waiver against the assertion of that defense by the bonding company. Nevertheless, at the trial plaintiff's counsel sought to elicit from an officer of plaintiff that "subsequent to the default of the Magnifico Construction Company," there were "negotiations between plaintiff and Standard," also placed as occurring "subsequent to January 1, 1955." Upon objection by defendant that such testimony was not addressed to any issue within the pretrial order plaintiff's counsel explained that he wanted to establish that there were negotiations between plaintiff and defendant "concerning the completion" of the work for the borough and looking to the effectuation of that completion by plaintiff. Other questions educed the fact that representatives of plaintiff had had correspondence and a meeting with defendant's attorney of the same general purport, but plaintiff abandoned an attempt to elicit the subject matter of the negotiations from its witness after continued objections by defendant based upon surprise due to the absence of the issue from the pretrial order. The only explanation of the line of examination thus undertaken given by plaintiff to the court and defendant before it was abandoned was that the negotiations between plaintiff and defendant referred to were such that the latter "would not be prejudiced" by the premature institution of the action.

Upon cross-examination of the defendant's witness Peruggi, he was asked whether there was any conversation at a meeting between the borough officials and representatives of plaintiff and defendant "concerning an undertaking by Samuel Braen and Sons to complete and correct the job." Upon further objection by defendant for the same reasons as raised before, plaintiff's counsel again stated he wished to show the negotiations involved completion of the job by plaintiff and "also to determine what was due" plaintiff. The negotiations, he said, "were never concluded." The conduct of the negotiations and the fact that defendant "didn't set up the statute" were claimed to have caused plaintiff to be "lulled into a sense of security." Defendant persisting in its objections, plaintiff

made a motion "to amend the pretrial order to include as an issue that Standard Accident Company, by their actions, are estopped from setting up the statute and to permit me to make an offer of proof of facts which would sustain that estoppel." An objection on grounds of surprise was sustained by the trial court and this action is assailed as error.

Undoubtedly amendments to pretrial orders and pleadings are to be allowed with great liberality at the trial when evidence is objected to because not within the issues, "when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits." *R. R.* 4:15–2. The court may grant a continuance to enable the objecting party to meet such evidence. *Ibid.* However, the rules are not "intended to afford a refuge to languid and dilatory litigants," *Welsh v. Board of Education of Tewksbury Tp.,* 7 *N. J. Super.* 141, 146 (*App. Div.* 1950). There would appear little justification for plaintiff's inaction in respect to raising the estoppel issue not only during the 14 months between pretrial conference and trial but after getting well into the trial itself. But of determinative importance in relation to the present attempt to reverse the judgment on the basis of the discretionary denial of the requested amendment of the pretrial order is plaintiff's failure to show prejudice in the sense that the evidence it sought to adduce under cover of the amendment would have "subserved the presentation of the merits of the action." And see *Fotopak Corp. v. Merlin,* 34 *N. J. Super.* 343 (*App. Div.* 1955).

In the first place, having in mind, as already shown, that the statutory policy for the withholding of institution of an action on a bond until 80 days after municipal acceptance of the work is designed to protect municipalities, not surety companies, it is questionable whether the doctrine of estoppel *in pais* is at all properly applicable to bar the pleading of the statute when based upon asserted conduct of such a company, as defendant in the action. It might well, indeed, be appropriate for the court to notice the statutory violation

on its own motion, even where not raised by such a defendant, in order to subserve the salutary public policy underlying the statute, just as was done by the court in *Williamsport Planing Mill Co. v. Maryland Casualty Co., supra* (129 *N. J. L.,* at *p.* 335).

Beyond that consideration, however, plaintiff fails to show how any of the indicated negotiations between itself and defendant, the latest of which were placed by plaintiff in the trial interrogation as at or about June 1956, could have effectively induced reliance by plaintiff on any supposed abstention by the defendant from assertion of the defense of prematurity, in view of the fact that the defense was unequivocally asserted in the pretrial order on October 4, 1956. If, arguably, plaintiff had theretofore been led by anything defendant had previously done or said to believe that the defense of prematurity would not be asserted, it was by the pretrial order emphatically alerted to defendant's intended reliance upon it, and, as already pointed out, in plenty of time to permit plaintiff to rehabilitate its position by discontinuance of this action and institution of a new one fully compliant with the statute. *Cf. New Jersey Suburban Water Co. v. Town of Harrison,* 122 *N. J. L.* 189, 194, 195 (*E. & A.* 1939). If plaintiff contemplated by its offer of proof at the trial in support of its claim of estoppel anything beyond what we have referred to it was incumbent upon it to indicate the purport thereof to this court either in its brief or on the oral argument, in order to establish the prejudicial nature of the action of the trial court complained of. This it has failed to do. *Cf. Farber v. Margolin,* 46 *N. J. Super.* 557 (*App. Div.* 1957). It is, moreover, obvious that plaintiff cannot by any proof lay to any conduct by defendant responsibility for its institution of the action as early as June 1955, which, after all, is the fatal flaw in the action.

For the reasons stated we are satisfied that the denial of the application for amendment of the pretrial order did not prejudice the plaintiff in the maintenance of any meritorious plea to the defense of prematurity of the action.

Judgment affirmed.