149 N.J. Super. 118 (1977)
373 A.2d 421
MAURICE E. KEATING, INC., PLAINTIFF,
v.
THE TOWNSHIP OF SOUTHAMPTON, A MUNICIPAL CORPORATION, ET AL., DEFENDANTS, AND TRAP ROCK INDUSTRIES, INC., A NEW JERSEY CORPORATION AND M.J. STAVOLA INDUSTRIES, A NEW JERSEY CORPORATION, DEFENDANTS, THIRD PARTY PLAINTIFFS-APPELLANTS,
v.
INTERNATIONAL FIDELITY INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, THIRD PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 24, 1977.
Decided April 13, 1977.
*120 Before Judges FRITZ, ARD and PRESSLER.
Mr. W. Peter Ragan argued the cause for appellants (Messrs. Schaefer & Crawford, attorneys).
Mr. Thomas J. Demski argued the cause for respondent (Messrs. Sills, Beck, Cummis, Radin & Tischman, attorneys; Mr. Marc Morley Kane on the brief).
PER CURIAM.
The principal question presented on this appeal is whether the time limitation imposed by N.J.S.A. 2A:44-145 before an action may be brought against any surety on the bond required for certain public works, commences when the claimant completes his obligation to the project and that contribution, less than the whole, is accepted. We answer that question in the negative. The statute is clear and unambiguous in its direction that no action may be brought "until the expiration of 80 days after the acceptance of the building, work or improvement by the duly authorized board or officer." We are wholly satisfied that in the context of the statutory section the phrase "building, work or improvement" refers to the whole project and not to the individual contribution of any subcontractors or materialmen. See Samuel Braen's Sons, etc. v. Fondo, 52 N.J. Super. 188 (App. Div. 1958). The clarity of the legislative expression makes improper an attempt to seek a different meaning under the guise of statutory construction.
*121 The reason for the legislative injunction in terms of the whole project is immediately apparent. Otherwise an early finisher among subcontractors could by its premature suit compromise the security of the public body, because the surety is liable only to the penal sum of its bond, Meyer v. Standard Accident Ins. Co., 114 N.J.L. 483, 487 (E. & A. 1935), and the bond is required only to be in the amount of the contract price. N.J.S.A. 2A:44-144.
Additionally, appellants, citing Graybar Electric Co. v. Manufacturers Cas. Co., 21 N.J. 517 (1956), contend that since acceptance is a factual question, there should not have been a summary judgment below without a factual determination as to acceptance upon a plenary hearing. The argument is wholly frivolous in the circumstances here present. The only evidence before the trial judge on the point was the uncontroverted affidavit of the township engineer that the project was not accepted. As a matter of fact, the same affidavit averred that the project was not even completed, although an affidavit of the sales manager for one of the appellants asserted it was "presently complete in that it is being utilized by the normal vehicular traffic." Utilization is, however, proof of neither completion nor acceptance. There is simply no evidence at all of acceptance.
Affirmed.